RE: THE MARSHALL MUSEUM AND LIBRARY, A LOUISIANA CHARITABLE TRUST

DOCKET NO. 97-7605

FILED: RECEIVED SEP 12 1997
IN LAKE CHARLES, LA

FEB -3 1999
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

: 14TH JUDICIAL DISTRICT COURT
: PARISH OF CALCASIEU
:
: STATE OF LOUISIANA
:
: _____
: DEPUTY CLERK OF COURT

CV 99-0204
JUDGE          (Trimble)
MAGISTRATE JUDGE WILSON

## PETITION FOR INSTRUCTION

The petition of **Dr. Stephen D. Cook, trustee of the Marshall Museum and Library**, a Louisiana charitable trust, formed under the laws of the State of Louisiana and having its principal offices at 1807 Lake Street, Lake Charles, Calcasieu Parish, Louisiana, respectfully represents that:

1.

Made defendants herein are:

> **FINLEY L. HILLIARD and KENNETH M. FARRAR, solely in their respective capacity as co-trustees of the J. Howard Marshall, II, Living Trust** (the "*Living Trust*"), a Louisiana trust domiciled in Calcasieu Parish; and
>
> **E. PIERCE MARSHALL**, a natural person domiciled in the state of Texas and principal beneficiary of the J. Howard Marshall, II Living Trust.

## JURISDICTION:

2.

By written instrument dated May 26, 1995 J. Howard Marshall, II created the Marshall Museum of Racing, a charitable trust formed under the laws of the state of Louisiana (the "*Museum*"), through E. Pierce Marshall, duly authorized attorney in fact by virtue of that certain act of procuration dated July 13, 1994. A true and correct copy of the articles of formation of the Marshall Museum of Racing is attached hereto and marked for identification as "**Exhibit A.**"

3.

E. Pierce Marshall accepted appointment as sole trustee of the Museum on May 26, 1995.

4.

The Museum has a determination of tax-exempt status from the Internal Revenue Service and has made significant charitable grants to Tulane University School of Medical, The M.D. Anderson Institute, and Yale University School of Law.

-1-





PROCESSED SEP 16 19
DATE_____

5.

Pending distribution of certain assets from the Living Trust, the Museum has developed extensive plans to raise the public understanding of practical engineering principles in cooperation with McNeese State University, Vanderbilt University, Rennselaur University, and the Massachusetts Institute of Technology.

6.

By an act entitled "Trustee Decision Nº 1" dated August 25, 1995 the name of the Museum became the **Marshall Museum and Library**. A true and correct copy of "Trustee Decision Nº 1" dated August 25, 1995, is attached hereto and marked for identification as "**Exhibit B.**"

7.

The Articles of the Museum were amended and restated by written document dated September 5, 1997 in conformance with an act entitled "Trustee Decision" dated September 5, 1997. A true and correct copy of "The Amended and Restated Articles of The Marshall Museum and Library" dated September 5, 1997 is attached hereto and marked for identification as "**Exhibit C.**" A true and correct copy of "Trustee Decision" dated September 5, 1997 is attached hereto and marked for identification as "**Exhibit D.**"

8.

By written act entitled "Resignation of Trustee with Appointment and Acceptance of Successor Trustee" dated September 5, 1997 E. Pierce Marshall resigned as sole trustee of the Museum and by written act entitled "Acceptance of Trustee" dated August 29, 1997 Dr. Stephen D. Cook accepted appointment as sole successor trustee of the Museum. True and correct copies of the written act entitled "Resignation of Trustee with Appointment and Acceptance of Successor Trustee" dated September 5, 1997 and the written act entitled "Acceptance of Trustee" dated August 29, 1997 are attached, marked for identification as "**Exhibit E.**"

9.

The principal office and the books and records of the Museum are located in Calcasieu Parish.

10.

The Museum employs attorney K. Michael Wright to represent it.

11.

Pursuant to the facts plead in the foregoing ¶¶ 1-10, the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana is the "proper court for instructions" as set forth in Louisiana Revised Statute 9:2233 for instructions to the Museum.

## REQUEST FOR INSTRUCTIONS

12.

By instrument dated September 1, 1982 J. Howard Marshall, II ("*Mr. Marshall*") created the "J. HOWARD MARSHALL, II, LIVING TRUST" (the "*Living Trust*").

13.

The Living Trust was amended on August 16, 1984, on March 1, 1985, on April 21, 1989, on October 19, 1990, on June 23, 1992, on December 22, 1992, on July 13, 1994, and on May 26, 1995.

14.

The July 13, 1994 amendment and restatement of the Living Trust Indenture, contains a complete restatement of the Living Trust's terms, except for the amendment of May 26, 1995.

15.

By written amendment to the Living Trust Indenture dated May 26, 1995, Article VI, paragraph B of the Living Trust Indenture was amended by the addition of sub-paragraph 6 thereto, providing:

> 6. Trustee shall distribute all of Settlor's interest in Marshall Gas & Oil, L.L.C. to the Marshall Museum of Racing.

A true and correct copy of the written amendment to the Living Trust Indenture dated May 26, 1995 is attached, marked for identification as "**Exhibit F.**"

16.

The books and records of the Living Trust are maintained in Lake Charles, Parish of Calcasieu, Louisiana.

17.

E. Pierce Marshall resigned as co-trustee of the Living Trust on December 7, 1995.

18.

Finley Hilliard and Kenneth M. Farrar are presently the co-trustees of the Living Trust.

-3-

19.

The Living Trust employs Edwin K. Hunter and the law firm of Hunter, Blazier, O'Dowd & Moreno (A Professional Law Corporation) to represent it regarding many issues. Edwin K. Hunter and the law firm of Hunter, Blazier, O'Dowd & Moreno (A Professional Law Corporation) are domiciled in Calcasieu Parish, Louisiana.

20.

The Living Trust employs Russell J. Stutes, Jr. and the law firm of Scofield, Gerard, Veron, Singletary & Pohorelsky (A Professional Corporation) to represent it regarding other issues. Russell J. Stutes, Jr. and the law firm of Scofield, Gerard, Veron, Singletary & Pohorelsky (A Professional Corporation) are domiciled in Calcasieu Parish, Louisiana.

21.

The Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana has recognized that it is the "proper court for instructions," as set forth in Louisiana Revised Statute 9:2233, for the Living Trust and has exercised its jurisdiction over the Living Trust to issue instructions in the matters entitled "In Re: The J. Howard Marshall, II, Living Trust," bearing docket numbers 95-3329, 95-4363, 95-4448, 95-6293, and 95-6294, in the Parish of Calcasieu, the 14th Judicial District Court, State of Louisiana.

22.

J. Howard Marshall, II, settlor of the Living Trust died on August 4, 1995.

23.

Upon the death of J. Howard Marshall, II, the Living Trust terminated by its own terms. As a result, the Living Trust is a terminated trust in the process of liquidation, with the powers of the co-trustees limited by law.

24.

As a result of either ademption or the failure of suspensive conditions to occur, E. Pierce Marshall and the Marshall Museum and Library are now the sole principals beneficiaries of the Living Trust.

-4-

25.

The Living Trust is a mixed trust as defined by Louisiana Trust Code Article 1951 which provides:

> A trust may be created for mixed private and educational, charitable, or religious purposes. The dispositions of such a trust in favor of private beneficiaries are governed by the provisions of this Code; those in favor of other beneficiaries are governed by R.S. 9:2271 through 9:2337 relating to trusts for educational, charitable, or religious purposes. As long as there remains a private beneficiary, the trust shall be administered in accordance with the provisions of R.S. 9:2061 through 9:2173. Unitrusts and annuity trusts as defined in the United States Internal Revenue Code are mixed trusts.

26.

The Living Trust is governed by Louisiana Trust Code Article 1844 which provides:

> A trust may be created for mixed private and educational, charitable, or religious purposes. The dispositions of such a trust in favor of private beneficiaries are governed by the provisions of this Chapter; those in favor of other beneficiaries are governed by Chapter 2 relating to trusts for educational, charitable, or religious purposes. But so long as there remains a private beneficiary, the trust shall be administered in accordance with the provisions of Part VII of this Chapter [the Louisiana Trust Code].

27.

Louisiana Trust Code Article 2283 governs operation of a mixed-trust with respect to the membership interest in Marshall Gas and Oil, L.L.C. held for the Museum, and provides:

> A. Notwithstanding any provision in this section or in the governing instrument to the contrary (except as provided in Subsection C), the governing instrument of each trust that is a private foundation described in Section 509 of the Internal Revenue Code of 1954 (including each nonexempt charitable trust described in section 4947(a)(1) of the Code that is treated as a private foundation) and the governing instrument of each nonexempt split-interest trust described in section 4947(a)(2) of the Code (but only to the extent that section 508(e) of the Code is applicable to such nonexempt split-interest trust under section 4947(a)(2) of the Code) shall be deemed to contain the following provisions: The trust shall make distributions at such time and in such manner as not to subject the trust to tax under section 4942 of the Code; the trust shall not engage in any act of self-dealing that would subject it to tax under section 4941 of the Code; the trust shall not retain any excess business holdings that would subject it to tax under section 4943 of the Code; the trust shall not make any investments that would subject it to tax under section 4944 of the Code; and the trust shall not make any taxable expenditures that would subject it to tax under section 4945 of the Code. With respect to any such trust created prior to January 1, 1970, this Subsection A shall apply only for its taxable years beginning on or after January 1, 1972.

-5-

B. The trustee of any trust described in Subsection A (with the consent of the settlor, if then living and competent to give consent) may, without judicial proceedings, amend the governing instrument to expressly include the provisions required by section 508(e) of the Code by executing a written amendment to the trust and filing a duplicate original of such amendment with the Attorney General of Louisiana.

C. The trustee of any trust described in Subsection A (with the consent of the settlor, if then living and competent to give consent) may, without judicial proceedings, amend such trust to expressly exclude the application of Subsection A by executing a written amendment to the trust and filing a duplicate original of such amendment with the Attorney General of Louisiana, and upon filing of such amendment, Subsection A shall not apply to such trust.

D. All references in this section to the "Code" are to the United States Internal Revenue Code of 1954 [now 1986], and all references in this section to specific sections of the Code include corresponding provisions of any subsequent federal tax laws.

28.

Louisiana Trust Code Article 2283 compels the trustees of the Living Trust to distribute at least 5 % of the Living Trust's net assets held for charitable purposes to the Museum in compliance with § 4942(g)(1)(A) of the Internal Revenue Code. No such distributions have been made.

29.

Furthermore, Louisiana Trust Code Article 2283 bars private inurement of assets held for charitable purposes.

30.

The Living Trust co-trustees may have inadvertently diverted such assets held for charitable purposes prohibited to expenses or expenditures in violation of Louisiana Trust Code Article 2283.

31.

The remedies available to a beneficiary, including the right to seek injunctive relief against the trustee, are set forth in Louisiana Trust Code Article 2223 which provides:

A beneficiary of a trust may institute an action:

(1) To compel a trustee to perform his duties as trustee;
(2) To enjoin a trustee from committing a breach of trust;
(3) To compel a trustee to redress a breach of trust;
(4) To remove a trustee.

Louisiana Trust Code Article 2231 provides:

> If a cause or right of action accrues to a beneficiary against a trustee or a settlor or both, to a trustee against a beneficiary or a settlor or both, or to a settlor against a beneficiary or a trustee or both, the action may be by summary proceeding.

Louisiana trust Code Article 2232 provides:

> If irreparable injury, loss, or damage will otherwise result, the injunctive relief authorized by Articles 3601 through 3613 of the Code of Civil Procedure may be granted to a beneficiary as against a trustee or a settlor or both, to a trustee against a beneficiary or a settlor or both, or to a settlor against a beneficiary or a trustee or both.

Louisiana Trust Code Article 2233 provides, in part:

> A. A trustee, a beneficiary, or a settlor in an ordinary or a summary proceeding may apply to the proper court for instructions concerning the trust instrument, the interpretation of the instrument, or the administration of the trust. An order of a proper court issued pursuant to such an application shall be full authority to act in accordance thereunder, and a trustee shall be fully protected from all claims of any person who has or who may subsequently acquire an interest in the trust property.

32.

Louisiana Trust Code Article 2029 provides in relevant part:

> A termination of a trust causes the dispositive provisions of the trust to achieve their ultimate effect....

33.

Louisiana Trust Code Article 2069 provides in relevant part:

> If the trust terminates or is revoked, or if the trustee resigns or is removed, he shall preserve the trust property and deliver it without delay to those persons who are entitled to it....

34.

Louisiana Trust Code Article 2082 provides in relevant part:

> A trustee shall administer the trust solely in the interest of the beneficiary.

35.

Louisiana Trust Code Article 2082 provides in relevant part:

> A trustee shall administer the trust solely in the interest of the beneficiary.

36.

The Museum is entitled to an order from this Court compelling the Living Trust co-trustees to comply with the provisions of the trust instrument and applicable Louisiana law and enjoining the Living Trust co-trustees from making any such distributions which violate the Living Trust Indenture, the Louisiana Trust Code, or the Internal Revenue Code.

37.

The Museum is further entitled to an order from this Court requiring the Living Trust co-trustees to distribute the Marshall Gas and Oil, L.L.C. membership and all income attributable to the beneficiary Museum and a final accounting.

### WHEREFORE PETITIONER PRAYS:

I. That defendants **FINLEY L. HILLIARD** and **KENNETH M. FARRAR, JR.**, **solely in their representative capacities as co-trustees of the J. Howard Marshall, II, Living Trust**, be served with a certified copy of this Petition for Instruction and be cited to appear and answer;

II. That defendant **E. PIERCE MARSHALL**, principal beneficiary of the J. Howard Marshall, II. Living Trust, be served by Louisiana Long Arm Statute, La. R.S. 9:3201 et seq., with a certified copy of this Petition for Instruction and be cited to appear and answer;

III. That this honorable Court notice a hearing for preliminary injunction not less than two nor more than ten days after service of the Notice of this Petition, and that after the hearing thereon, this honorable Court issue a preliminary injunction enjoining **Finley L. Hilliard** and **Kenneth M. Farrar, solely in their representative capacities as co-trustees of the J. Howard Marshall, II, Living Trust** from making or causing to be made any distributions from the J. Howard Marshall, II, Living Trust, which distributions would violate Article 2283 of the Louisiana Trust, Section 4941-4945 of the Internal Revenue Code, or the provisions of the J. Howard Marshall, II, Living Trust, as amended;

IV. That this honorable Court issue a permanent injunction enjoining **Finley L. Hilliard** and **Kenneth M. Farrar, solely in their representative capacities as co-trustees of the J. Howard Marshall, II, Living Trust** from making or causing to be made any distributions from the J. Howard Marshall, II, Living Trust, which distributions would violate Article 2283 of the Louisiana Trust, Section 4941-4945 of the Internal Revenue Code, or the provisions of the J. Howard Marshall, II, Living Trust, as amended, and

V. That after all due delays and proceedings had, there be judgment in favor of plaintiff, **Dr. Stephen D. Cook, trustee of the Marshall Museum and Library**, a Louisiana charitable trust, and against defendants **Finley L. Hilliard** and **Kenneth M. Farrar, solely in their representative capacities as co-trustees of the J. Howard Marshall, II, Living Trust** and against defendant **E. Pierce Marshall**, principal beneficiary of the J. Howard Marshall, II, Living Trust, issuing the following instructions:

> "Within 30 days of the date this judgment is signed, **Finley L. Hilliard and Kenneth M. Farrar, solely in their representative capacities as co-trustees of the J. Howard Marshall, II, Living Trust** shall distribute all Living Trust interests properly distributable to **Dr. Stephen D. Cook, trustee of the Marshall Museum and Library**, a Louisiana charitable trust, including but not limited to all interest in Marshall Gas & Oil, L.L.C."

"Furthermore, within 30 days of the date this judgment is signed **Finley L. Hilliard and Kenneth M. Farrar, solely in their representative capacities as co-trustees of the J. Howard Marshall, II, Living Trust** shall render a full and complete accounting to **Dr. Stephen D. Cook, trustee of the Marshall Museum and Library**, a Louisiana charitable trust, of all income and other property received by or on behalf of the J. Howard Marshall, II, Living Trust attributable to Marshall Gas & Oil, L.L.C."

VI. For all other equitable and general relief.

                Respectfully submitted,

By: _____
Kenneth Michael Wright (#13705)
Attorneys for **Dr. Stephen D. Cook, trustee of the Marshall Museum and Library**
203 West Clarence Street
Lake Charles, Louisiana 70601
(318) 439-6930

**PLEASE SERVE:**

FINLEY L. HILLIARD AND KENNETH M. FARRAR,
SOLELY IN THEIR REPRESENTATIVE CAPACITIES AS
CO-TRUSTEES OF THE J. HOWARD MARSHALL, II, LIVING TRUST
1304 ENTERPRISE BOULEVARD, SUITE A
LAKE CHARLES, LA 70601

**PLEASE SERVE BY LOUISIANA LONG-ARM SERVICE:**

E. PIERCE MARSHALL, BENEFICIARY
  OF THE J. HOWARD MARSHALL, II, LIVING TRUST
7600 WEST TIDWELL, SUITE 800
HOUSTON, TX 77040-5719

A TRUE COPY
Lake Charles, Louisiana
_____
Deputy Clerk of Court
Calcasieu Parish, Louisiana